**IN THE COURT OF APPEALS OF IOWA**

No. 19-0206
Filed June 5, 2019

**IN THE INTEREST OF K.W.,**
**Minor Child,**

**K.W., Mother,**
 Appellant.

_____

 Appeal from the Iowa District Court for Pottawattamie County, Scott Strait,

District Associate Judge.

 A mother appeals the termination of his parental rights to her child.

**AFFIRMED.**

 Maura C. Goaley, Council Bluffs, for appellant mother.

 Thomas J. Miller, Attorney General, and Anagha Dixit, Assistant Attorney

General, for appellee State.

 Kyle McGinn, Council Bluffs, attorney and guardian ad litem for minor child.

 Considered by Potterfield, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

A mother appeals the termination of her parental rights to her eleven-year-old child.[1]  She contends the State failed to prove the grounds for termination by clear and convincing evidence.  She also challenges the efforts made by the Iowa Department of Human Services (DHS) to return the child to her care and argues termination is contrary to the child's best interests.  We review her claims de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).

The child was removed from the mother's care in July 2017 due to concerns about the mother's methamphetamine use and domestic violence in the home.  In September 2017, the juvenile court adjudicated the child to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c)(2), and (n) (2017).  In the year that followed, the mother failed to demonstrate sobriety.  Although she began outpatient treatment for substance abuse, her attendance was sporadic until January 2018 when she was discharged from the program due to her lack of attendance.

The State filed a petition seeking to terminate the mother's parental rights in October 2018.  The termination hearing was held in November.  In a January 2019 order, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (*l*) (2018).

**I. Statutory Grounds.**

Because the juvenile court ordered termination on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm.

---

[1] The father's parental rights to the child were also terminated.  He is not a party to this appeal.

*In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). In order to terminate a parent's rights pursuant to section 232.116(1)(f), the State must prove the following:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The mother does not contest that the State proved the first three requirements for termination under this section, but she claims the State failed to prove the child could not be returned at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the term "at the present time" to mean "at the time of the termination hearing").

Clear and convincing evidence establishes the child would be at risk of adjudicatory harm if returned to the mother's care. The record shows that over a fourteen-month period, the mother either failed to present herself for drug testing or tested positive for illicit substances. She failed to complete substance-abuse treatment. A November 2018 report indicates the mother "continues to tell FSRP that she would test positive for drugs if she were testing." In the months leading up to the termination hearing, the mother failed to even respond to her case manager's attempts to contact her. Two weeks before the termination hearing, she was arrested on charges related to a stolen vehicle, providing false

information, and possession of drug paraphernalia. She was incarcerated at the time of the termination hearing.

At the termination hearing, the case manager testified as to what the mother would need to do in order for the DHS to place the child with her:

> The mother would need to demonstrate a significant period of sobriety in addition to following up with what has been asked of her through substance abuse/mental health evaluations and demonstrate the ability to have a safe, stable living environment and verifiable income. We've not had verifiable income for quite some time despite tens of thousands of dollars of fines levied against her already to date. It would take a significant period, even if those efforts were started today, to even try and scratch the surface of the number of things that she would need to complete to . . . be a safe and appropriate caregiver for her child.

When asked how long that process would take, he testified:

> Trying to not acknowledge the 17 months which the same services have been asked and requested of her and not been complied with, should she decide to comply with them, that's easily greater than six months for someone who maybe does not even have as significant of a history of substance abuse.

The mother admitted she needed to complete treatment before she could take the child back into her care. Because clear and convincing evidence establishes the child could not be returned to the mother's care at the time of the termination hearing, we affirm the termination of her parental rights pursuant to Iowa Code section 232.116(1)(f).

## II. Reasonable Efforts.

The mother also challenges the efforts made by the DHS to have the child returned to her care. *See* Iowa Code § 232.102(9) (requiring the DHS to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). Although the State has an

obligation to make reasonable efforts toward reunification of the family, "a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005).

> In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding. If a parent has a complaint regarding services, the parent must make such challenge at the removal, when the case permanency plan is entered, or at later review hearings.

*In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002) (citations omitted).

The mother testified that she told the case manager she wanted the child placed in her care when she entered treatment and her request was denied. This is insufficient to preserve error on her reasonable-efforts claim. *See id.* ("[V]oicing complaints regarding the adequacy of services to a social worker is not sufficient."). "A parent must inform the juvenile court of such challenge." *Id.* The mother failed to raise a challenge to the sufficiency of the services offered with the juvenile court prior to the termination hearing. Regardless, the record shows, and the mother admits, that the DHS offered her services to address her substance-abuse issues and she failed to take advantage of those services.

**III. Best Interests.**

Finally, the mother contends termination of her parental rights is contrary to the child's best interests. *See D.W.*, 791 N.W. at 706-07 ("If a ground for termination is established, the court must, secondly, apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in a termination of parental rights."). In making this determination, our primary considerations are "the child's safety," "the best placement for

furthering the long-term nurturing and growth of the child," and "the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 37 (Iowa 2010) (quoting Iowa Code § 232.116(2)). The "defining elements in a child's best interest" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Termination is in the child's best interests. The mother has failed to address the issues that led to the child's removal and CINA adjudication. The mother is in no better position to parent the child now than she was at the inception of the CINA proceedings. Eighteen months had passed from the child's removal to the entry of the termination order. An equal amount of time would be necessary before the mother could show she was in a position to care for the child safely. Although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). Once the grounds for termination have been proved, time is of the essence. *See In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute. Stated otherwise, plans which extend the [statutory] period during which parents attempt to become adequate in parenting skills should be viewed with a sense of urgency."); *see also In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"). We decline to take any more time from this child. Children are not equipped with pause buttons, and delaying permanency in favor of a parent is contrary to the child's best interests. *See In re*

*A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home); *A.C.*, 415 N.W.2d at 614 (noting that in considering whether to allow a parent additional time to remedy parenting deficiencies, the court should "constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home"); *In re T.J.O.*, 527 N.W.2d 417, 422 (Iowa Ct. App. 1994) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."); *In re D.A.*, 506 N.W.2d 478, 479 (Iowa Ct. App. 1993) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Accordingly, we affirm the termination of the mother's parental rights.

**AFFIRMED.**